UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Criminal Action No.: 12-cr-20656
                                                        Civil Action No.: 14-cv-12683

v.
                                                        HON. MARK A. GOLDSMITH

ERIK E. THOMPSON,

                    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 40) AND DENYING A CERTIFICATE OF APPEALABILITY

### I.  INTRODUCTION

Now before the Court is Defendant Erik E. Thompson's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 40).  Defendant's motion raises claims regarding the career offender guidelines — that he did not know that he would be sentenced under them, that he did not know he would receive the sentence he did, and that he did not qualify as a career offender — and that his counsel was ineffective regarding these issues.  The Government filed a response (Dkt. 51), and Defendant filed a reply (Dkt. 52).  Having reviewed the briefing, the Court concludes that Defendant's arguments are meritless and that his counsel was not ineffective with respect to Defendant's sentence under the guidelines.  Accordingly, the Court denies Defendant's motion.

### II.  BACKGROUND

A federal grand jury returned an indictment against Defendant on October 3, 2012, charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).   Indictment (Dkt. 12).   The grand jury returned a superseding indictment

1

approximately one month later, adding a count of distribution of cocaine base. <u>See</u> First Superseding Indictment (Dkt. 22).

Defendant, through counsel, filed a motion to determine his status as a career offender based on purportedly differing Sixth Circuit authority as to whether home invasion third degree, in violation of Mich. Comp. Laws § 750.110a(4), constitutes a predicate "crime of violence." <u>See</u> Def. Mot. to Determine Status (Dkt. 18). The Court declined to rule on this issue, noting that the motion "ask[ed] the Court to determine whether, in the hypothetical circumstance that Defendant is convicted, he would be considered a career offender for sentencing purposes." 12/13/12 Order at 1 (Dkt. 25). The Court concluded that "[b]ecause Defendant has not been convicted and has not pled guilty, it would be outside the scope of the federal judicial power for the Court to render an advisory opinion on the applicability of the career offender provision of the United States Sentencing Guidelines." <u>Id.</u> at 1-2.

Defendant subsequently entered into a Rule 11 plea agreement with the Government. Plea Agreement (Dkt. 33). The agreement set forth the elements and factual predicate for the distribution offense. <u>Id.</u> at 1-3. The agreement also stated that, utilizing the career offender guidelines, Defendant's sentencing guideline range was 151-188 months' imprisonment. <u>Id.</u> at 3. The parties agreed that a sentence of "180 months['] imprisonment is the appropriate disposition of the case," and the Rule 11 agreement permitted withdrawal if the Court's sentence diverged from this agreed-upon sentence. <u>Id.</u> at 4, 6-7. Defendant's signature appears at the bottom of the agreement, below the following statement:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel,

> and that all of defendant's questions have been answered by counsel.

Id. at 10-11.

At his plea hearing, Defendant acknowledged that he had reviewed the Rule 11 plea agreement, understood it, and signed it. See Plea. Tr. at 8-10 (Dkt. 49). The Court also confirmed that Defendant understood that the agreement set forth a sentencing guideline range of 151-188 months' imprisonment, and that, if the Court accepted the agreement, his sentence would be 180 months' imprisonment. See id. at 15-18. Defendant stated on the record that he understood. Id. The Court also asked Defendant if anybody had made any promises to get him to sign the agreement, other than those promises contained in the agreement and discussed on the record; Defendant said "No." Id. at 10-12. He then entered a plea of guilty. Id. at 24.

The Court subsequently accepted the guilty plea and adopted the Rule 11 plea agreement. See id. at 24-25; Sentencing Tr. at 4 (Dkt. 50). At sentencing, the Court utilized the sentencing guidelines and found that Defendant qualified as a career offender. See Sentencing Tr. at 5. Both Defendant's counsel and the Government agreed with the Court's assessment. Id. The Court also found that a guideline range of 151-188 months' imprisonment applied; again, all of the parties agreed with this conclusion. Id. at 5-6. The Court then heard from the parties regarding sentencing. Upon the Government's turn to address the Court, Government counsel simply stated the following: "Your Honor, I would just ask the Court to sentence the defendant in accordance with the Rule 11 Plea Agreement, that being to 180 months['] incarceration." Id. at 11. The Court subsequently did so, sentencing Defendant to 180 months' imprisonment and three years' supervised release. Id. at 13. This motion followed.

### III.  28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

3

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

# IV. DISCUSSION

Defendant raises five arguments in his motion regarding the career offender guidelines and the corresponding effectiveness of his counsel:

> 1. Trial counsel told defendant if he proceeded to trial and lost he would be sentenced to [a] guideline range of (CHC IV and Base offense level 18) which equates to a term between the range of 33-41 months[;]
>
> 2. Counsel never informed defendant that he could accept responsibility for his involvement in the instant offense without being enhanced under 4B1.1[;]
>
> 3. Counsel told defendant not to object to the information the government set forth at sentencing[;]
>
> 4. Counsel told defendant that he would receive between 30-37 months if he pleaded guilty[; and]
>
> 5. Counsel was not diligent in investigating the government[']s case and had he done such, he would have realized that the government had no evidence that his third degree home invasion had an[y] violent intent.

Def. Mot. at 11.[1]

In order to succeed on his claims of ineffective assistance of counsel, Defendant "must show (1) that counsel's representation fell below an objective standard of reasonableness, . . . and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012) (quotation marks omitted) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

In general, judicial scrutiny of counsel's representation is "highly deferential." Strickland, 466 U.S. at 689. In considering whether representation fell below the standard of a

---

[1] Defendant devotes a significant portion of his motion to whether the waiver of his right to bring a section 2255 motion is enforceable. See Def. Mot. at 3-8. Because the Court denies Defendant's motion on the merits, it need not address whether the waiver is enforceable.

competent attorney, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Furthermore, to establish prejudice in the context of a guilty plea, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)).  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

The Court addresses each of Defendant's arguments in turn.

## A.      Guideline Range at Trial

Defendant first argues that his counsel told him that, if he proceeded to trial and lost, his sentencing guideline range would "equate[] to a term between the range of 33-41 months." Def. Mot. at 11.  The Court rejects this claim as wholly incredible.

Defendant pled guilty to distribution of cocaine base.  His Rule 11 plea agreement specified that Defendant was eligible to be sentenced as a career offender, and that his applicable guideline range was 151-188 months' imprisonment.  Defendant offers no explanation for why he pled guilty to the crime with an agreed-upon guideline range of 151-188 months' imprisonment if he believed a conviction at trial would only result in a fraction of that time.  Nor, as the Government highlights, is it rational for someone to believe he or she would receive a sentence of 15 years' imprisonment for a plea-based conviction, yet only receive a sentence of 3-4 years' imprisonment if convicted at trial.  See Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (no hearing on a section 2255 motion is required if the petitioner's allegations "cannot be accepted as true because they are . . . inherently incredible").  Cf. Pilla v. United

6

States, 668 F.3d 368, 373 (6th Cir. 2012) (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (petitioner must convince the court that decision to reject the plea agreement would have been rational)).

Further, Defendant fails to explain how he was prejudiced by a purported statement suggesting he would receive less time for going to trial and losing than he would receive under the agreed-upon plea agreement. Defendant does not claim that this purported statement convinced him to enter into the plea agreement, nor does the Court understand how such a claim (i.e., that a person would receive less time by not pleading guilty and still being convicted at trial) would convince anyone to do so.

Accordingly, the Court rejects this argument as inherently unbelievable.

**B.      Career Offender Guidelines**

Defendant next raises two, related claims regarding the career offender guidelines. First, Defendant claims that his counsel failed to inform him that he could accept responsibility for the crime without being sentenced as a career offender. Def. Mot. at 11. Relatedly, Defendant argues that his counsel was deficient in failing to investigate the predicate convictions properly, because they purportedly do not qualify as "crime[s] of violence" under the career offender guidelines. Id. at 9-11. The Court finds that these claims lack merit, because Defendant was properly sentenced as a career offender. Therefore, Defendant's counsel was not deficient in failing to (i) investigate the predicate crimes and (ii) inform Defendant that he could avoid being sentenced as a career offender, given that Defendant properly qualified as such.

Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") sets forth the requirements for determining whether a defendant qualifies as a career offender. Under that provision, a defendant is deemed a career offender if "(1) the defendant was at least eighteen

years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Defendant does not dispute that the first two prongs of section 4B1.1(a) have been met. Rather, he argues that he did not have the necessary "prior felony convictions" for the career offender guidelines to apply.  Def. Mot. at 9-11.

Only those felony convictions that qualify as either "a crime of violence or a controlled substance offense" serve as predicates for the career offender provisions.  U.S.S.G. § 4B1.1(a). As relevant to this case, a "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has an element [of] the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 4B1.2(a).

Defendant had at least two prior felony convictions that qualified as predicates under the career offender guidelines: (i) assault with intent to cause great bodily harm less than murder and (ii) home invasion third degree.  With respect to this latter conviction, Defendant argues it did not qualify as a predicate offense because (i) it was a misdemeanor conviction and (ii) there was no violent intent.  Def. Mot. at 9-11.  The Court disagrees.

First, Defendant appears to misunderstand his conviction for home invasion third degree, in violation of Mich. Comp. Laws § 750.110a(4).  That statute makes a person "guilty of home invasion in the third degree if the person does either of the following: (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without

permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor; [or] (b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, violates any of [certain listed items] ordered to protect a named person or persons." A violation of the statute is "a felony punishable by imprisonment for not more than 5 years or a fine of not more than $2,000.00, or both." <u>See</u> Mich. Comp. Laws § 750.110a(7).

Defendant appears to focus on the statute's use of the word "misdemeanor" in claiming that his conviction was not a felony. But Mich. Comp. Laws § 750.110a(7) makes clear that Defendant's conviction was a felony, and that it was punishable by more than one year of imprisonment. The use of "misdemeanor" in the statute is simply in reference to what criminal action the defendant took, or intended to take, upon entering the dwelling. In other words, while the statute requires an underlying intent to commit, or the actual commission of, a misdemeanor as an element of the crime, the overlying statutory offense of home invasion third degree — <u>i.e.</u>, committing or intending to commit a misdemeanor while or after breaking and entering into a dwelling — is a felony. Accordingly, Defendant's claim that his plea was to a "misdemeanor offense" is incorrect. Def. Mot. at 9-10.

Defendant also argues that his conviction is not a "crime of violence" because the statute addresses non-violent conduct, and because he did not have any violent intent during its commission. Def. Mot. at 9-11. The Court disagrees. U.S.S.G. § 4B1.2(a) includes "burglary of a dwelling" in the definition of "crime of violence"; it also includes offenses that "otherwise involve[] conduct that present[] a serious potential risk of physical injury to another" — also known as the "residual clause." Thus, the specific facts of the defendant's conviction are

irrelevant to determining whether the statutory conviction qualifies as a "crime of violence" under the career offender guidelines.  See Descamps v. United States, 133 S. Ct. 2276, 2281-2282 (2013) (explaining that courts should compare the statutory definition of the crime with the generic offense to determine whether the conviction qualifies as a predicate offense, irrespective of the underlying facts).

The Sixth Circuit has repeatedly held that home invasion under Michigan law qualifies as a "crime of violence."  For example, in United States v. Gibbs, 626 F.3d 344, 353 (6th Cir. 2010), the Sixth Circuit concluded that "a conviction for second-degree home invasion under Michigan law is the equivalent of the enumerated offense of burglary of a dwelling, and therefore constitutes a 'crime of violence.'"

Similarly, and particularly relevant here, the Sixth Circuit concluded in United States v. Horton, 163 F. App'x 378 (6th Cir. 2006), that home invasion third degree qualifies as a "crime of violence" under both the generic definition of "burglary of a dwelling" and, alternatively, under the residual clause:

> Part (a) [of Mich. Comp. Laws § 750.110a(4)] specifically requires the intent to commit a misdemeanor or the actual commission of a misdemeanor within the dwelling, which is a "crime" sufficient to make the burglary a "crime of violence." . . . Part (b) of the Michigan statute does not require that a misdemeanor be committed or intended, but requires that during the commission of the home invasion, the offender violate an order intended for the protection of a named individual.  As the [Supreme Court in Taylor v. United States, 495 U.S. 575, 599 (1990)] explained, "[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate."  Id. at 588.  This is as true in the M.C.L. § 750.110a(4)(b) context as it is in any other context.  No section of this statute, therefore, proscribes conduct that could not be considered a "crime of violence."

>       Moreover, third-degree home invasion is a crime of
> violence even if it cannot be pigeonholed neatly into the definition
> of burglary.  The sentencing guidelines provide that a crime of
> violence includes an unenumerated offense that, "by its nature,
> present[s] a serious potential risk of physical injury to another." . . .
> All of the conduct in M.C.L. § 750.110a(4)(b) presents as serious a
> potential risk of physical injury as any burglary crime.  The district
> court therefore did not err, plainly or otherwise, in finding that
> third-degree home invasion is a crime of violence for sentence
> enhancement purposes.

Id. at 381-382.

The Court finds this reasoning applicable here.  Accordingly, the Court concludes that Defendant's conviction for home invasion qualified as a predicate "crime of violence," and that his counsel was not deficient in failing to investigate or advise that it did not so qualify.  See United States v. Jones, No. 04-80609, 2011 WL 669238, at *4 (E.D. Mich. Feb. 17, 2011); Layer v. United States, No. 08-20018, 2010 WL 148233, at *6 (E.D. Mich. Jan. 11, 2010) ("Under Michigan law, breaking and entering a dwelling is referred to as 'home invasion' and the first, second, and third degrees of that crime are considered violent felonies under the federal sentencing guidelines.").

Defendant also was convicted of assault with intent to cause great bodily harm less than murder, in violation of Mich. Comp. Laws § 750.84.  That statute makes it a "a felony punishable by imprisonment for not more than 10 years" to "[a]ssault[] another person with intent to do great bodily harm, less than the crime of murder" or "[a]ssault[] another person by strangulation or suffocation."  Defendant briefly argues that this crime also does not qualify as a crime of violence.  Def. Mot. at 12; Reply at 5.

The Court rejects this argument because Defendant's assault conviction is certainly a crime that "has an element [of] the use, attempted use, or threatened use of physical force against the person of another."  See U.S.S.G. § 4B1.2(a); see also United States v. Sain, No. 07-20309,

11

2009 WL 1957485, at *8 (E.D. Mich. July 7, 2009) (conviction for violation of Mich. Comp. Laws § 750.84 qualified as "crime of violence" under career offender guidelines); United States v. Flanory, 45 F. App'x 456, 462 (6th Cir. 2002) (same under U.S.S.G. § 7B1.1, which uses the career offender guidelines' definition of "crime of violence").  Accordingly, the Court finds that this conviction also qualifies as a predicate offense under the career offender guidelines.

Having found that Defendant had two qualifying predicate offenses, Defendant qualified as a career offender under the sentencing guidelines.  Therefore, the Court rejects Defendant's related arguments that his counsel was ineffective in (i) failing to advise him that he did not qualify as a career offender and (ii) failing to investigate the facts of his underlying convictions, which purportedly did not qualify as predicate offenses.

## C.  Objections During Sentencing

Defendant next claims that his counsel was ineffective in advising him "not to object to the information the government set forth at sentencing."  Def. Mot. at 11.  Even if true, however, Defendant has not explained how he was prejudiced by this advice.  Defendant does not explain what information the Government set forth at sentencing to which he would have objected but for counsel's advice.  Indeed, aside from confirming that the agreed-upon guideline calculations were correct, the only statement Government's counsel made at sentencing was to request that the Court impose a sentence of 180 months' imprisonment, the same sentence to which Defendant agreed in the Rule 11 plea agreement.  Sentencing Tr. at 11.  The Court, therefore, rejects this argument.

## D.    Sentence Received

Lastly, Defendant claims that his counsel advised him that, by pleading guilty, he would receive a sentence of 30-37 months' imprisonment.  Def. Mot. at 7, 11.  The Government has

provided an affidavit from Defendant's former counsel stating that this is untrue.  See Aff. of Frank J. Maley (Dkt. 51-2).  Even if such a statement had been made, however, any error would have been corrected by Defendant being advised that his guideline range was 151-188 months' imprisonment and that the parties agreed to a sentence of 180 months.  This guideline range and agreed-upon sentence were specifically set forth in the Rule 11 plea agreement, which Defendant acknowledged on the record having reviewed, signed, and understood.[2]  Moreover, Defendant expressly stated on the record that he understood that his applicable guideline range was 151-188 months' imprisonment, and that the sentence he would receive if the Court accepted the Rule 11 plea agreement (which it did) was 180 months' imprisonment — the exact sentence he received.  Accordingly, any error by his counsel was corrected in the agreement and at the plea hearing before the Court.  See Boyd v. Yukins, 99 F. App'x 699, 704-705 (6th Cir. 2004) ("Any misleading information imparted to Boyd was remedied by the plea colloquy, which made it clear that she could face a sentence up to and including life imprisonment."); Cousino v. Curtin, No. 11-11813, 2014 WL 632363, at *7 (E.D. Mich. Feb. 18, 2014) (collecting cases).  The Court, therefore, rejects this argument as baseless.

        To the extent Defendant claims that his counsel told him that he would not be sentenced under the career offender guidelines, see Def. Mot. at 7-8, the Court rejects this argument for the same reasons discussed above — the plea agreement and the discussion on the record at the plea hearing clearly confirm that Defendant understood his applicable guideline range to be 151-188 months' imprisonment, which resulted from an application of the career offender guidelines.  See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999) ("If we were to rely on Ramos's alleged subjective impression rather than the record, we would be rendering the plea colloquy process

---

[2]  For this reason, the Court also rejects Defendant's argument that his counsel told him that the plea agreement was for 30-37 months' imprisonment.  Def. Mot. at 11.

meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy.").

**E.  Certificate of Appealability**

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability.  To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000) (internal quotation marks and citation omitted).  For the reasons stated above, and, in particular, the lack of prejudice alleged or likely, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion brought pursuant to 28 U.S.C. § 2255 (Dkt. 40) and denies Defendant a certificate of appealability.

SO ORDERED.


Dated:  April 20, 2015                      s/Mark A. Goldsmith
          Detroit, Michigan                  MARK A. GOLDSMITH
                                             United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2015.

s/Johnetta M. Curry-Williams
Case Manager
