UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case No. 12-20656
                                                              Hon. Mark A. Goldsmith

vs.

ERIK E. THOMPSON,

        Defendant.
_____/

**OPINION**
**SETTING FORTH THE REASONS FOR DENYING DEFENDANT ERIK E.**
**THOMPSON MOTION FOR COMPASSIONATE RELEASE (Dkt. 77)**

The Court denied Defendant Erik E. Thompson's motion for compassionate release on September 24, 2020 (Dkt. 77). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

Pursuant to a Rule 11 plea agreement, Thompson was sentenced on March 25, 2014, to 180 months' imprisonment for distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). See Judgment (Dkt. 39). He has a projected release date of August 11, 2025. Thompson sought compassionate release (Dkts. 71, 72) and requested that the Court reduce the remaining years of his prison sentence to supervised release because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Thompson's motion.

                                     **I.        BACKGROUND**

Thompson is currently serving his sentence at Milan Federal Correctional Institution ("Milan FCI") in Milan, Michigan. The Bureau of Prisons' ("BOP") website reports that at Milan

FCI there are two inmates and only one staff member with active cases of COVID-19.[1] The BOP has implemented a COVID-19 action plan to minimize the risk of COVID-19 transmission into and within its facilities, which includes quarantining inmates, taking social distancing measures, and providing personal protective equipment to staff and inmates. Resp. at 5-7 (Dkt. 74). Thompson made a request to the warden for compassionate release, but his request was denied. Resp. at 4. The Government conceded that Thompson properly exhausted his claim. Id.

Thompson is thirty-four years old and has been diagnosed with asthma. Thompson Medical Records, Ex. 1 to Resp., at PageID.398 (Dkt. 75). Thompson has had asthma since childhood. Id. His medical records indicate that his asthma has usually been mild and intermittent. See Id. (reporting in 2014 that he gets some shortness of breath when playing basketball and has been using his inhaler two-to-three times per week); see also id. at PageId.449 (reporting in 2015 inhaler use twice a week and waking in the night once in the past few months); Id. at PageID.626 (reporting in 2016 seasonal asthma and that he had not needed an inhaler "in a minute," and that he uses his Albuterol inhaler as needed, such as when exposed to an irritant); id. at PageID.661 (reporting in 2017 that "with recent change in weather, [he] is using Albuterol several times per day, but will only need 1-2x/month when not problematic. No other identified triggers outside of exercise."); id. at PageID.695, 696 (noting in 2018 that his asthma has been mild and intermittent since childhood). Thompson's medical records reflect that his asthma is controlled, and that he has been prescribed Albuterol inhalers to be used as needed to relieve symptoms. Id. at PageID.666

Thompson sought a reduction in sentence from this Court under the First Step Act.

---

[1] See https://www.bop.gov/coronavirus/ (last visited on October 20, 2020).

## I.     LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

## II.     ANALYSIS

### A. Extraordinary and Compelling Reasons

Thompson sought compassionate release because he argued that he suffers from moderate to severe asthma. Mot. at 9-12. The Government argued that Thompson's mild asthma and the

3

threat of the COVID-19 pandemic generally are not the kind of extraordinary and compelling reasons justifying release. Resp. at 12-18. The Government had the better part of the argument.

The Centers for Disease Control and Prevention ("CDC") has identified categories of people who might be at an increased risk for severe illness from COVID-19, which includes individuals who have moderate to severe asthma.[2] The CDC recommends for individuals who have moderate to severe asthma that they should continue with current medications and avoid asthma triggers. Based on Thompson's medical records, his asthma does not appear to fall into the category of moderate to severe, he has adequate access to medications, and he knows what triggers his condition.[3] Thompson has not contracted the virus, and his asthma, in light of his relatively young age and access to medication, does not fall in the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. A reduction in sentence would not have been consistent with the policy statements issued by the Sentencing Commission.[4]

B. 18 U.S.C. § 3553(a) Factors

Thompson also argued that he has served a significant portion of his original sentence and that he has gone to great lengths to improve himself while in custody. Reply at 5. Thompson has

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#asthma (last visited on October 20, 2020).

[3] Thompson points out that in 2019, a doctor noted that his asthma was "bordering on needing a daily steroid inhaler." Thompson Medical Records at PageID.724. However, in the same sentence, the doctor notes that Thompson's asthma is "mild intermittent," and that Thompson would like to continue with Albuterol. Id.

[4] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

completed 500 hours of vocational training in culinary arts, 20 hours of safe food training, 32 hours of training in culinary math, and he has been successful as a tutor. Id. at 6. The Government argued that Thompson's prior convictions for violent conduct, his participation in a shootout where another person was killed, and his probation violation demonstrate that Thompson remains a danger to the community. Resp. at 18-21.

The § 3553(a) factors include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to protect the public from further crimes by the defendant. Thompson's criminal history is troublesome. He was involved in a fatal shootout, and he only avoided state homicide charges by agreeing to a plea agreement of no less than 180 months in this case. See Letter From Prosecuting Attorney (Dkt. 38). While on probation from a home invasion offense, he committed the underlying offense. Resp. at 20. And when police officers identified themselves in an attempt to arrest Thompson for the underlying offense, he fled, resulting in a foot chase. Plea Agreement at 2 (Dkt. 33). Thompson has more than four years left on his current sentence. While Thompson's more recent rehabilitation efforts are laudable, his past conduct raises serious concerns about whether the public would be safe from his early release. The § 3553(a) factors do not favor release.

### III. CONCLUSION

For the reasons stated above, Thompson's motion for compassionate release (Dkts. 71, 72) was denied.

Dated: October 20, 2020　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge