UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 12-cr-20656

vs.                                             HON. MARK A. GOLDSMITH

ERIK E. THOMPSON,

       Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION (Dkt. 68)**

Defendant Erik Thompson has filed a motion under 28 U.S.C. § 2241, through the "savings clause" of 28 U.S.C. § 2255(e), to challenge a sentence he agreed to via a plea agreement (Dkt. 68). Because § 2244 is not an appropriate vehicle for Thompson to challenge his sentence, the Court denies Thompson's motion.[1]

## I. BACKGROUND

Thompson pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) pursuant to a plea agreement, in which the parties stipulated that the correct guideline range was 151 to 188 months and that 180 months of imprisonment was the appropriate disposition of the case. See Plea Agreement at PageID.93–94, 105 (Dkt. 33). As part of this plea agreement, the Government also agreed to dismiss a separate charge against Thompson and to not charge him with other specified crimes. Id. at PageID.95–96. This Court accepted the plea agreement and

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Thompson's motion, the briefing includes the Government's response (Dkt. 84).

sentenced Thompson to a 180-month term of incarceration. See Judgment at PageID.119–123 (Dkt. 39).

Thompson subsequently filed two motions to vacate his sentence under 28 U.S.C. § 2255. See 7/7/14 Mot. to Vacate (Dkt. 40); 6/14/16 Mot. to Vacate (Dkt. 58). These motions presented claims for ineffective assistance of counsel regarding his sentencing under the career offender guidelines, including arguments that a third-degree home invasion charge on his record was not a proper basis for treating him as a career offender. See 7/7/14 Mot. to Vacate at 11; 6/14/16 Mot. to Vacate at 1–3. The Court denied both motions (Dkts. 53, 61).

In his present motion brought under § 2241, Thompson argues that he is "actually innocent" for two reasons. First, submits Thompson, the Court erred in finding that a sentence he received as a juvenile qualified as a felony conviction for a crime of violence that enhanced Thompson's sentencing under the Career Offender Act, U.S.S.G. § 4B1.2. Mot. at 2. Thompson was convicted for third-degree home invasion in violation of Mich. Comp. L. § 750.110a(4) when he was 17 years old. Id. He submits that he was assigned to a juvenile youthful training program for 18 months and then detained for 86 days, which "was not per se a sentence of imprisonment because the State Court terminated his 18-month youthful training program . . . as fully completed with the 86 days of detention." Id. at 2–3. Thompson asserts that a prior conviction can be used to enhance his sentence as a career offender only if he received a sentence as an adult. Id. (citing U.S.S.G. § 4A1.2, Application Note 7).

Thompson also argues that his conviction for possession of less than an eighth of a gram of cocaine—a charge which was dismissed by the State of Michigan—cannot be used as a predicate offense under the Career Offender Act because the drug offense was not punishable by more than one year in prison. Mot. at 4 (citing 21 U.S.C. § 802(44)).

2

## II. ANALYSIS

As the United States Court of Appeals for the Sixth Circuit has recounted, 28 U.S.C. § 2241(a)—which allows federal courts to grant writs of habeas corpus—was the primary vehicle through which federal prisoners challenged their detainments until 1948. <u>Wright v. Spaulding</u>, 939 F.3d 695, 697 (6th Cir. 2019). Congress then enacted 28 U.S.C. § 2255, which changed the habeas landscape by directing federal prisoners to challenge their sentences in the districts in which they were sentenced rather than the districts in which they were detained. <u>Id.</u> Section 2255 limited the applicability of § 2241, but it also preserved a potential use of the older habeas statute in what has become known as the "savings clause":

> <u>An application for a writ of habeas corpus</u> in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

§ 2255(e) (emphasis added). Traditional examples where § 2255 was "inadequate or ineffective," and relief was thus available under § 2241, included circumstances in which a warden held a prisoner in a manner contrary to or not authorized by the sentence or the sentencing court no longer existed. See <u>Wright</u>, 939 F.3d at 698 (citations omitted). Generally, § 2255 is the appropriate "avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir. 2001) (reversing grant of § 2241 petition based on challenge to sentencing).

More recently, courts have expanded the application of § 2241 to allow prisoners to challenge their convictions and sentences based on Supreme Court decisions that revised the interpretations of the criminal statutes under which they were convicted or sentenced. Federal

3

prisoners who have already filed § 2255 motions cannot file new § 2255 motions in such circumstances because "second or successive" § 2255 motions must rely on either (i) new and convincing evidence that the prisoner was innocent or (ii) a new and previously unavailable rule of constitutional law that the Supreme Court had made retroactive. 28 U.S.C. § 2255(h). Multiple courts, including the Sixth Circuit, have seen § 2255 as an "inadequate or ineffective" means for prisoners to challenge the validity of their detentions based on the Supreme Court's revised statutory interpretations, and thus opened the door for § 2241 relief. See, e.g., Wright, 939 F.3d at 698–699 (discussing the cross-circuit trend of allowing § 2241 petitions based on the Supreme Court's finding in Bailey v. United States, 516 U.S. 137, 144 (1995) that a conviction for "use" of a firearm under 18 U.S.C.A. § 924(c)(1) required "active employment" rather than mere possession); Hill v. Masters, 836 F.3d 591 (6th Cir. 2016) (reversing denial of § 2241 petition based on Supreme Court's clarification in Descamps v. United States, 570 U.S. 254, 263 (2013) regarding the correct approach for determining whether state-law offenses qualify as "violent felonies" for the purpose of a sentence enhancement under 18 U.S.C. § 924(e)(1)).

The § 2241 petitioner carries the burden of establishing that the savings clause applies. Hill, 836 F.3d at 594. "When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." Id. at 595.[2] Further to the second factor, "a federal prisoner cannot bring a claim of actual innocence in a §

---

[2] In Wright, the Sixth Circuit noted that the Hill court applied this standard—borrowed from other circuits—because the parties had agreed that it was applicable law, suggesting that the Sixth Circuit may not be bound by this standard in future. See Wright, 939 F.3d at 704. In the present, however, courts in the Sixth Circuit apply this test enunciated in Hill when confronted with § 2241 challenges to sentences. See, e.g., McCormick v. Butler, 977 F.3d 521, 525 (6th Cir. 2020).

2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." Wright, 939 F.3d at 705.

Additionally, Hill explicitly limited its expansion of the habeas doctrine to "only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-United States v. Booker, 543 U.S. 220 [ . . . ] (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. " Hill, 836 F.3d at 599–600.

Thompson bears a heavy burden in establishing that his arguments "protesting the legality of [his] sentence" present the rare circumstance where a § 2241 motion rather a § 2255 motion is the appropriate vehicle for relief. Peterman, 249 F.3d at 461. As the Government correctly observes, see Resp. at 3–9, Thompson's present challenge under § 2241 is improper for several reasons, and his motion must be denied.

First, Thompson's arguments are not based on a "retroactive change in statutory interpretation by the Supreme Court," or in "a case of statutory interpretation" at all. Hill, 836 F.3d at 595, 599–600. Thompson argues that his attack on the use of his home invasion conviction in setting his sentence "was never presented to the Court by defense counsel, the prosecution, or the probation officer," Mot. at 3, and that the consideration of his conviction of possession of cocaine was "procedural error," id. at 4. These propositions make no reference to changes in statutory interpretation, and thus they have no foundation in the type of argument that Thompson is permitted to bring to challenge his sentence under § 2241. See Hill, 836 F.3d at 595, 599–600. The cases that Thompson cites in his support have no apparent relevance. See, e.g., Mot. at 4, 6–7 (citing Schlup v. Delo, 513 U.S. 298, 316–317 (1995) (finding that habeas

5

petitioners may bring successive habeas petitions to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial")). Thompson's motion fails on this basis alone.

Second, Thompson was sentenced on March 25, 2014. Thus, he was sentenced <u>after</u> the Supreme Court clarified that the sentencing guidelines were discretionary rather than mandatory in <u>Booker</u>. <u>Hill</u>'s expansion of § 2241's application to claims based on sentencing guidelines applies only to prisoners who were sentenced before <u>Booker</u>. 836 F.3d at 599–600. Hill's Thompson's motion, therefore, must be denied. <u>See, e.g.</u>, <u>Loza-Gracia v. Streeval</u>, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) (affirming denial of § 2241 petition because the defendant "was sentenced in 2011, long after the Supreme Court's January 2005 <u>Booker</u> decision made the guidelines advisory rather than mandatory"); <u>Hernandez v. United States</u>, No. CV 20-196-DLB, 2020 WL 6470166, at *4 (E.D. Ky. Nov. 2, 2020) (denying § 2241 petition because defendant's "claims are based upon the alleged application of the Career Offender provisions of the Sentencing Guidelines," and the defendant "was sentenced in 2008, well after the Supreme Court's decision in <u>Booker</u> rendered the Guidelines advisory rather than mandatory"); <u>Papillion v. Gomez</u>, No. CV 6:20-204-KKC, 2020 WL 6324835, at *3 (E.D. Ky. Oct. 28, 2020) (denying § 2241 petition because the defendant "was sentenced in 2009, well after the Supreme Court's decision in <u>Booker</u> . . .").

Third—especially in consideration of the advisory nature of the sentencing guidelines—the alleged misapplication of sentence does not "present[] an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." <u>Hill</u>, 836 F.3d at 595. The Sixth Court explained that a defendant's argument that "his career-offender designation [was] erroneous under the advisory Sentencing Guidelines" was "fatal to his claim." <u>Bullard v. United States</u>, 937 F.3d 654,

6

659 (6th Cir. 2019).³ Bullard found that the trial court's "discretion" to set sentences "confirms the absence of any 'miscarriage of justice' in Guidelines calculations: a district court can lawfully impose the same sentence with or without the career offender designation." Id. The same conclusion bears down on Thompson, who cannot show "a miscarriage of justice or a fundamental defect" in a sentence that the Court was within its discretion to set—and which Thompson's counsel bargained to obtain. Hill, 836 F.3d at 595.

Further, no miscarriage of justice is at issue because the resolution of the merits of Thompson's arguments would not avail him. Thompson argues that he was not an "adult" when sentenced for the home invasion crime he committed as a 17-year-old, Mot. at 2–3, but the Government submits that the definition of an "'adult conviction'" for sentencing purposes depends on "'the laws of the jurisdiction in which the defendant was convicted,'" and Michigan charges individuals aged 17 or older as adults. Resp. at 7 (quoting U.S.S.G. §4B1.2, Application Note 1). Indeed, under Michigan law, Thompson was an adult rather than a "juvenile" at the time of his sentencing. See Mich. Comp. L. § 712A.1 ("Until September 30, 2021, 'juvenile' means a person who is less than 17 years of age who is the subject of a delinquency petition."). If some unusual circumstance applied whereby Thompson was sentenced as a juvenile, it was Thompson's burden to offer an explanation, see Hill, 836 F.3d at 594, and he has not done so. Thus collapses the entirety of Thompson's first argument.

His second argument fares no better. For purposes of sentencing under the Career Offender Act, an enhanced sentence is appropriate if the presently charged conviction is a felony that is a

---

³ Bullard concerned a § 2255 motion rather than a § 2241 motion, but its logic is persuasive because the Court analyzed the appropriateness of the defendant's collateral attack under the same standard relevant to this § 2241 factor—that is, whether the claim "involved a fundamental defect which inherently results in a complete miscarriage of justice." Bullard, 937 F.3d at 658 (punctuation modified, citations omitted).

7

controlled substance offense, U.S.S.G. § 4B1.1(a), which is defined to include "distribution . . . of a controlled substance." U.S.S.G § 4B1.2(b). The offense for which Thompson was convicted—distribution of a controlled substance in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(B)—squarely fits into this category. Thompson cites to 21 U.S.C. § 802(44) to suggest that his predicate conviction of distribution of a controlled substance does not support the career offender enhancement, see Mot. at 4, but the Government submits that the definition of "felony drug offense" under § 802(44) concerns enhancements under 21 U.S.C. § 851, not enhancements under the definition of "controlled substance offense" relevant to Thompson's case. See Resp. at 8–9. Thompson has failed to carry his burden of addressing the Government's argument, leaving his second basis for § 2241 relief meritless.

Considering also that Thompson consented to his sentence via plea agreement—according to which Thompson obtained such benefits as the dismissal of other counts brought by the Government and the Government's agreement to not charge Thompson with other specified offenses, see Resp. at 2–3 (citing Plea Agreement at PageID.95–96)—the Court finds that Thomas has not "present[ed] an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." Hill, 836 F.3d at 595.

Fourth and last—and equally fatal to Thompson's cause—Thompson cannot demonstrate that "he had no prior reasonable opportunity to bring his argument for relief." Wright, 939 F.3d at 705. To show that § 2241 relief is appropriate, Thompson must "show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument any earlier, either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255." Id. at 703 (emphasis added, punctuation modified, citation omitted). Thompson was not forestalled from making his present factual arguments at an

8

earlier stage, and indeed, he has already raised § 2255 challenges to the consideration of his home invasion conviction under the Career Offenders Act. See 7/7/14 Mot. to Vacate at 11; 6/14/16 Mot. to Vacate at 1–3. Thompson already had reasonable opportunities to make his present arguments through the means of relief provided under § 2255, and, "[h]aving missed those chances, he cannot now use the saving clause to get another bite at the apple." Wright, 939 F.3d at 706.

Each of these reasons independently requires that the Court find Thompson's request for relief under § 2241 to be improper and to deny his motion.

### III. CONCLUSION

For the foregoing reasons, the Court denies Thompson's motion requesting relief under § 2241 (Dkt. 68).

SO ORDERED.

Dated: April 14, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2022.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　　Case Manager